UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KAREN CLEVELAND-MORELLI,

    Plaintiff,

v.                                      Case No.: _____

GOODENDOS, LLC; MICHAEL A.
HENNIGAN; and PAMELLA S.
HENNIGAN,

    Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Karen Cleveland-Morelli, by and through her undersigned counsel, and hereby files this Initial Complaint against defendants, GoodEndos, LLC; Michael A. Hennigan; and Pamella S. Hennigan, and alleges:

### *I. Jurisdiction and Venue*

1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq*. This Court also has supplemental/pendent jurisdiction over plaintiff's state law claim.

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district, defendant has an office and

operates in this district, plaintiff was employed, paid, and worked in this district, all causes of action accrued in this district, and defendant is subject to personal jurisdiction in this district.

## *II. Parties*

3. At all times relevant hereto, plaintiff, Karen Cleveland-Morelli, was an employee of defendant.

4. At all times relevant hereto, defendant GoodEndos, LLC (hereinafter "GoodEndos") employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

5. Defendant GoodEndos is subject to, and not exempt from, the FLSA.

6. Defendant Michael A. Hennigan was at all times relevant hereto a member of GoodEndos, exercised control over GoodEndos' operations, and played a substantial role in determining the terms and conditions of plaintiff's employment with GoodEndos.

7. Defendant Michael A. Hennigan is subject to, and not exempt from, the FLSA.

8. Defendant Pamella S. Hennigan was at all times relevant hereto a

managing member of GoodEndos, exercised control over GoodEndos' operations, and played a substantial role in determining the compensation of plaintiff in her employment with GoodEndos.

9. Defendant Pamella S. Hennigan is subject to, and not exempt from, the FLSA.

### III. Factual Allegations

10. Plaintiff began working for defendant in Gulf Breeze, Florida on or about October 24, 2022 as an administrative assistant. All parties agreed she was to be compensated at the rate of $15 per hour for each hour she worked.

11. At all times material hereto plaintiff was an "employee" of GoodEndos, Michael A. Hennigan, and Pamella S. Hennigan within the meaning of the FLSA.

12. At all times material hereto defendants GoodEndos, Michael A. Hennigan, and Pamella S. Hennigan were the "employers" of plaintiff within the meaning of the FLSA.

13. GoodEndos' workweeks ran from Fridays through Thursdays, and defendants were to pay their employees every two weeks. Additionally, defendants published to employees a schedule of pay dates.

14. Defendants failed to pay plaintiff when wages were due, as

designated on the schedule of pay dates.

15. On the sole occasion plaintiff was actually paid, defendants reduced the number of hours plaintiff had worked and under-paid her for her labor.

16. During the workweek which ran from November 4 through November 10, 2022, plaintiff worked in excess of 40 hours.

17. Plaintiff resigned her employment on or about November 9, 2022.

18. Thereafter, defendants failed to tender any payment to plaintiff for any time she had worked after November 3, 2022.

19. Plaintiff has repeatedly attempted to obtain the wages owed to her, but defendants have failed to tender payment in the proper amounts, claiming things such as they do not pay overtime, her hours could be reduced for breaks she never took, and she had to back date documents before she could be paid.

### IV. Count I -- Violation of Fair Labor Standards Act (Overtime Compensation)

20. Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

21. Defendants are subject to, and not exempt from, the provisions of the FLSA.

22. Plaintiff was entitled to, and not exempt from, the protections and

provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which were applicable to plaintiff.

23. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation.

24. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages.  Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

25. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

26. Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V. Count II -- Violation of Fair Labor Standards Act
### (Failure to Compensate on Regular Payment Dates)

27. Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

28. Defendants are subject to, and not exempt from, the provisions of the FLSA.

29. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum and overtime wages on each regular payment date.

30. Nevertheless, defendants repeatedly failed to timely compensate plaintiff and therefore failed to compensate her at the legally required wage.

31. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

32. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

33. Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all

unpaid minimum and overtime wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### VI.  Count III - Unpaid Wages
### (Against GoodEndos, LLC)

34.     Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

40.     GoodEndos failed to compensate plaintiff for all of the hours she worked at the parties' agreed upon rate.

41.     GoodEndos breached its duty to pay plaintiff for the hours she worked at the agreed upon rate.

42.     Plaintiff has requested that GoodEndos pay her the proper compensation which she was owed, but it has refused to tender such payment.

43.     Plaintiff performed all conditions precedent to be performed by plaintiff or the conditions have occurred or have been waived.

44.     Plaintiff has been required to hire an attorney to assist her with obtaining the wages which are owed to her.

WHEREFORE, plaintiff demands judgment against GoodEndos , LLC for unpaid wages, interest (including pre-judgment interest), costs, attorneys' fees and

any other relief to which she may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net